

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00251-CV

Herbert Lawrence **POLINARD**, Jr.,
Appellant

v.

Jo Ann **KARAMBIS**, Margaret Comparin Karambis, Ronaldo Dunagan, Lynda C. Spence, and
eXp Realty LLC,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-11887
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: April 27, 2022

MOTION TO DISMISS GRANTED; DISMISSED FOR LACK OF JURISDICTION

On June 18, 2021, appellant Herbert Lawrence Polinard, Jr. filed a notice of appeal

appealing "an adverse summary judgment" rendered on March 5, 2021. On September 23, 2021,

appellees filed a motion to dismiss this appeal, arguing that the order appellant appealed was not

final because it did not dispose of all the issues in the case, and that the order is not an allowable

interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (appeal may

be taken only from a final judgment, unless statute permits appeal); *see also* Tex. Civ. Prac. &

Rem. Code Ann. § 51.014 (listing interlocutory orders from which interlocutory appeal may be

taken). On February 25, 2022, appellant filed a response to the motion to dismiss, stating that the order appealed was not a final and appealable judgment and providing that he is "willing to voluntarily dismiss this appeal so long as such dismissal occurs with prejudice and said summary judgment is ordered held to be interlocutory."

A judgment is not final for purposes of appeal unless it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195. Here, the parties agree that the order appealed did not dispose of all pending claims in the record. The order appealed 1) denied appellant's motion to strike deemed admissions; 2) granted appellees eXp Realty and Margaret Comparin Karambis's joint objections to appellant's summary judgment evidence; 3) granted appellees Jo Ann Karambis, Ronald Dunagan, Lynda C. Spence, and eXp Realty's motion for summary judgment on appellant's claims; 4) granted appellee Margaret Comparin Karambis's motion for summary judgment on appellant's claims; and 5) denied and struck appellant's oral and filed motions for non-suit. The order includes a Mother Hubbard clause stating that "[a]ll further relief not granted herein is DENIED."

While some final judgments may include a catch-all "Mother Hubbard" clause to the effect of "all relief not granted is denied," the inclusion of a Mother Hubbard clause in a summary judgment order does not render an otherwise non-final judgment final, or vice versa. *Id.* at 200–01, 203–04. "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id.* at 206. "It will not be presumed that a judgment dismissing a plaintiff's suit . . . also disposed of the issues in an independent cross-action." *Id.* at 199. This includes summary judgments, because "it is quite possible, perhaps even probable these days in cases involving multiple parties and claims, that any judgment rendered prior to a full-blown trial is intended to dispose of only part of the case." *Id.* at 199–200.

Here, the parties agree that the appealed order did not dispose of all claims because appellee eXp Realty has a live counterclaim pending before the trial court. Appellant does not argue that the order is an allowable interlocutory order. *See id.* at 195. Accordingly, we dismiss this appeal for lack of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(a) (appellate court may dismiss an appeal for lack of jurisdiction); TEX. R. APP. P. 42.1(1) (appellate court may dispose of appeal on motion by appellant or by agreement by the parties).

PER CURIAM

---

[1] This dismissal does not prevent appellant from later pursuing a timely appeal from a final judgment in this case.